IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUENTAVIUS DEVON SNIPE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-CV-06-KFP |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). Doc. 14. Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence [or the Commissioner or ALJ] incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). The parties in this case consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 6, 7.

Upon consideration of Defendant's motion, the Court finds reversal and remand necessary. The Commissioner concedes that remand is necessary and requests that, on remand, the Appeals Council instruct the ALJ to (1) further evaluate the medical opinion

evidence and prior administrative medical findings under 20 C.F.R. §§ 404.1520c and 416.920c; (2) if needed, reconsider Plaintiff's residual functional capacity; (3) offer Plaintiff an opportunity for a hearing; (4) if necessary, obtain supplemental vocational evidence; (5) update the record as needed; and (6) issue a new decision. Doc. 14 at 1–2.

Accordingly, it is ORDERED that the Commissioner's motion is GRANTED and that the decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g) consistent with the Commissioner's motion.

It is further ORDERED, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), that Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 15th day of June, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE